UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICK KELLETT, et al., ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:11CV01325 AGF |
| ) | |
| HERBIG MECHANICAL, INC., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' motion for default judgment (Doc. No. 5) against Defendant Herbig Mechanical, Inc. Plaintiffs filed this action on July 29, 2011, under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132 and the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, to recover delinquent contributions, liquidated damages, and interest allegedly owed to the plaintiff employee benefit funds (the "Plaintiff Funds")

The complaint alleges that Defendant failed to pay fringe benefit contributions to the Plaintiff Funds as required under the collective bargaining agreement between Defendant and one of the Plaintiffs, the Plumbers and Pipefitters Local 562. Specifically, Plaintiffs allege that Defendant has failed to pay fringe benefit contributions for the months of March, 2011 through June, 2011. In addition to the payments due, Plaintiff seeks 7% annual interest on the delinquent contributions, liquidated damages in the

amount of 20% of the unpaid fringe benefit contributions as of the date the suit was filed,[1] attorney's fees, and court costs.

Defendant was served by special process server on August 29, 2011, and failed to file an answer or otherwise respond to the complaint. On Plaintiffs' motion, the Clerk of the Court entered default on September 1, 2011.

On October 10, 2011, Plaintiffs filed the present motion for default judgment against Defendant for delinquent contributions in the amount of $97,999.10; the interest on such delinquent contributions in the amount of $2,833.59; and liquidated damages in the amount of $30,930.59. Plaintiffs further seek $703.50 in attorney's fees, and $477.55 in costs. Defendant has not responded to Plaintiffs' motion for default judgment.

The liability of a defendant is established upon entry of default, and therefore once default is entered, the plaintiff is not required to further establish its right to recover. *Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973) (stating that on establishment of default, "the defendant has no further standing to contest the merits of plaintiff's right to recover") (citations omitted); *Trustees of the IBEW Local 405 Health & Welfare Fund v. Tichy Elec. Co.*, No. 07CV39LRR, 2008 WL 154641, at *4-5 (N.D. Iowa Jan. 15, 2008) (applying the above principle to a case for delinquent contributions under ERISA and LMRA). Thus, the only issue before the Court is the amount of damages owed by Defendant to Plaintiffs. *See Tichy Elec. Co.*, 2008 WL 154641, at *4.

---

[1] On July 29, 2011, the date this suit was filed, the unpaid fringe benefit contributions totaled $154,652.95. Since the filing of the suit, Defendant has paid a portion of the delinquent contributions, leaving $97,999.10 in unpaid contributions to be awarded under this judgment. *See* Doc. No. 11-2.

In an ERISA case, a court has discretion to determine damages based on "detailed affidavits or documentary evidence." *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002) (citation omitted). When a court enters judgment against a defendant for contributions owed under a collective bargaining agreement, ERISA provides that the court shall award the plan (1) the unpaid contributions, (2) the interest on the unpaid contributions, (3) the greater of the amount of interest on the unpaid contributions or the amount of liquidated damages provided for under the plan, not in excess of 20 percent of the amount of unpaid contributions, and (4) reasonable attorney's fees and costs of the action. 29 U.S.C. § 1132(g)(2). Damages must be proven by a preponderance of the evidence. *Tichy Elec. Co.*, 2008 WL 154641, at *5 (citing *Everyday Learning v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001)).

Upon review of the record, the Court concludes that Plaintiffs have provided appropriate records and affidavits in support of awards for the delinquent contributions due the Plaintiff Funds and Local No. 562 (Doc. Nos. 9, 10, 11 and the exhibits attached thereto), for interest on those delinquent contributions through June 2011, for liquidated damages on the contributions due to the Plaintiff Funds (Doc. Nos. 9, 10, &11-2), and for attorney's fees and costs. (Doc. No. 8)

The Court also finds that the attorney's fees requested are reasonable, with an appropriate, but not excessive, amount of time expended at a billing rate of $175.00. Plaintiffs' costs, consisting of the court filing fee and cost of service of the summons and complaint by a special process server also are reasonable and customary and will be awarded as well.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment is **GRANTED.** (Doc. No. 6)

**IT IS FURTHER ORDERED** that Defendant shall pay Plaintiffs $97,999.10 in contributions due to the Plaintiff Funds for the period of March, 2011, through June, 2011, plus interest on such contributions in the amount of $2,833.59, and liquidated damages in the amount of $30,930.59.

**IT IS FURTHER ORDERED** that Defendant shall pay to Plaintiffs' attorney's fees in the amount of $703.50, and costs of $477.55.

**IT IS FURTHER ORDERED** that the Clerk's Office is directed to serve a copy of this Memorandum and Order and the accompanying Default Judgment on Defendant Herbig Mechanical, Inc. at the address of service employed by the special process server.

A separate Default Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 5th day of December, 2011.